DAVIS vs. LOUISIANA TOW-BOAT COMPANY.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The record and judgment of a suit by another party against the defendants, condemning them to pay damages occasioned by the plaintiff's conduct, while in their employment, is admissible in evidence to prove *rem ipsam*, i. e. that the money was recovered.

The judgment in a suit to which the plaintiff was not a party, does not form *res judicata* against him ; yet when he had notice, and took an interest to prevent a decision against the defendants, they are exculpated from neglect or collusion.

The plaintiff claims a balance due him for wages and disbursements, as master of the steam tow-boat Grampus, in the employment of the defendants, (an incorporated

EASTERN DIST. company) amounting to the sum of five hundred and three
June, 1836. dollars, according to an account annexed. He alleges he
DAVIS has demanded payment, which has been refused, and he
vs.
LA. TOW-BOAT prays judgment for said sum.
COMPANY. The agents of the defendants, by way of answer, filed an
account current with the plaintiff, by which they admit a
balance is due to him of three hundred and nine dollars and
fifty-two cents, for which they allege no amicable demand
was ever made, and which they were, and had always been,
ready and willing to pay.

On the trial, the defendants offered in evidence the record
and proceedings of a suit of Smith & Gardiner against the
present defendants, in order to charge the plaintiff with the
amount of the judgment in that case, to which the plaintiff's
counsel objected, on the ground that he was no party to the
said suit and proceedings. The court admitted it in evidence,
and added that the record was admitted, not as conclusive,
but as *primâ facie* evidence in the case, under the proof of
notice of the pendency of the suit. To which opinion of the
court the plaintiff excepted.

This record was offered to prove the following item in
defendants' account, as annexed to his answer :

"June 19. To cash paid judgment and costs of suit of
Smith & Gardiner, for sinking a flat-boat, $187 37."

The court was of opinion that the defendants' account was
nearly correct, and gave judgment for the plaintiff in the sum
of three hundred and thirteen dollars, with interest and costs.
He appealed.

*Buchanan*, for the plaintiff, contended that improper evi-
dence was admitted in receiving the record and proceedings of
Smith & Gardiner against the defendants. This was a
judgment in a separate case, to which the plaintiff was no
party. It was as to him *res inter alios acta.* 6 *Martin,* 227.
7 *Martin, N. S.,* 584.

2. The judge *a quo* erred in charging the amount of this
judgment to the plaintiff, when he was no party, and when
it did not appear that he was in fault, or liable for said sum.

3. The judgment is erroneous in allowing the amount of Smith & Gardiner's judgment, amounting to one hundred and eighty-seven dollars and thirty-seven cents, in compensation of the plaintiff's claim, when compensation was not specially pleaded.    *Code of Practice*, 367.

*L. C. Duncan,* contra..

EASTERN DIST.

June, 1836.

DAVIS
vs.
LA. TOW-BOAT
COMPANY.

*Martin, J.,* delivered the opinion of the court.

The plaintiff, master of one of the defendants' boats, sues for wages and advances.

The defendants claimed a set-off for the amount of a judgment obtained against them on account of the loss of a flat-boat, ran down by the boat of which plaintiff was master. His claim was allowed, but the deduction was made; wherefore, he appealed.

His counsel urges that the District Court improperly overruled his objection to the admission in evidence of the judgment as *res inter alios acta.*

The judge did not err : the judgment was admissible to prove *rem ipsam : i. e.* that the money was recovered.

On the merits, the testimony shows the plaintiff was advised of the claim against the company, and of the necessity of his attention to the disproval of it.    He attempted to disprove it, but proved unsuccessful.    The attempt was made by designating to the company's counsel witnesses who might enable him to defeat the claim.    He has, however, introduced a witness, who relates the circumstances which attended the loss of the flat-boat, and who has expressed his opinion that it cannot be imputed to the plaintiff.

The District Court has given less weight to the opinion of this witness, than to the fact he has related.    Although the decision of the suit against the defendants, in a case in which the plaintiff was not a party, does not form *res judicata* against him ; yet, as he was informed, and appeared to have felt that he had some interest to prevent the decision that took place, and he exerted himself accordingly, it must

The record and judgment of a suit by another party against the defendants, condemning them to pay damages occasioned by the plaintiff's conduct while in their employment, is admissible in evidence to prove *rem ipsam, i. e.,* that the money was recovered.

The judgment in a suit to which the plaintiff was not a party, does not form *res judicata* against him ; yet when he had notice, and took an interest to prevent a decision against the defendants, they are exculpated from neglect or collusion.

73

exculpate the defendants from the imputation of collusion or negligence.

The present suit presented the plaintiff with a new opportunity to establish the fact that the flat-boat was lost without any neglect or fault being imputable to him. The decision of the District Court has been adverse to him. The question is one of fact, in which the opinion of the first judge has always much weight with us. A close examination of the evidence has resulted in the conviction that the plaintiff has no ground of complaint.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.